# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,  :  Case No. 3:03-cr-169
                          Also 3:16-cv-012

                           District Judge Walter Herbert Rice
- vs -                      Magistrate Judge Michael R. Merz

WILLIE MOORE,

        Defendant.  :

## REPORT AND RECOMMENDATIONS

Defendant Willie Moore brought this action under 28 U.S.C. § 2255 to obtain relief from his conviction and sentence in this Court for one count of armed bank robbery in violation of 18 U.S.C. §§ 2113 (a) and (d) and one count of the use of a firearm in a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). As with all habeas corpus actions filed at the Dayton location of court, the Motion has been referred to the undersigned United States Magistrate Judge for report and recommendations.

The § 2255 Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge

1

>must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

The record of prior proceedings in this case shows that Defendant waived indictment and pled guilty to the charges made against him in an Information filed by the United States pursuant to a Plea Agreement (ECF No. 25). While his sentence was on appeal to the Sixth Circuit, the United States Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), and the Sixth Circuit remanded for re-sentencing in light of *Booker* (ECF No. 54). Thereafter Judge Rice sentenced Moore to 137 months on Count One and a consecutive 84 months on Count 2 (Amended Judgment, ECF No. 85). Although this represented a 51 month reduction from the pre-*Booker* sentence, Moore appealed. He argued he should not have been sentenced as a career offender under Sentencing Guideline 4B1.1 because his two prior felony convictions were "related" within the meaning of the Guidelines. Judge Rice had found them "separate and distinct" and the Sixth Circuit affirmed, relying on *United States v. Horn*, 355 F.3d 610 (6th Cir. 2004). *United States v. Moore*, Case No. 06-3215 (6th Cir. Sept. 18, 2007)(unpublished, copy at ECF No. 100).

Moore renews his objection to his career offender sentence, this time on the basis of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). In *Johnson* the Supreme Court declared unconstitutionally vague the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which provides in pertinent part:

>(e)
>
>(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one

> another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
>
> (2)  As used in this subsection— . . .
>
> (B)  the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**; and
>
> (C)  the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

The bold-faced language is the residual clause; only this portion of the ACCA was declared unconstitutional in *Johnson*. *Johnson* applies retroactively to convictions that became final before it was handed down. *In re: Windy Watkins*, ___ F.3d ___, 2015 U.S. App. LEXIS 21952 (6th Cir. 2015). Based on *Watkins*, the Magistrate Judge finds Moore's 2255 Motion is timely, because it was filed within a year of the *Johnson* decision.

However, Johnson provides no relief to Moore because he was not convicted under the ACCA. Instead, he was convicted under 18 U.S.C. § 924(c)(1)(A)(ii) of using a firearm in a crime of violence, to wit, armed bank robbery. Nothing in *Johnson* implies that § 924(c) is unconstitutional.

3

Moore does not claim to have been convicted under § 924(e). Instead, he argues that the definition of "crime of violence" in Sentencing Guideline § 4B1.2(a) is "nearly identical" to the definition of "violent felony" in the ACCA (Motion, ECF No. 104, PageID 562, citing *United States v. Jenkins,* 631 F.3d 680 (4th Cir. 2011)). Moore concludes: "The law cannot be made more clear. It is evident to any jurist of reason that the residual clause located under 4B1.2 is unconstitutionally vague the same as the residual clause of the ACCA has been made unconstitutional." *Id.* at PageID 563.

The relevant portion of the Guidelines reads:

> §4B1.2.   Definitions of Terms Used in Section 4B1.1
>
> (a)   The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1)   has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)   is burglary of a dwelling, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

Moore is correct that the bold-faced language of § 4B1.2 of the Guidelines is the same as the residual clause of the ACCA. However, Moore was not found to be a career offender on the basis of this residual clause language. Instead, the Presentence Investigation Report, on which Judge Rice based his determination, found Moore was convicted of burglary and criminal deviant conduct (digital rape) in 1999 and battery the same year. All three of those are offenses under Indiana law that have an element of the use of force against the person of another. Neither the Probation Department nor the District Judge had recourse to the "residual clause" of Guideline 4B1.2 to find Moore was a career offender.

In sum, the United States Supreme Court has not applied its *Johnson* analysis to the Sentencing Guideline definition of a career offender. Even if it did, Moore's career offender finding was not made under the residual clause.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the § 2255 Motion be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 12, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).