# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:03-cr-169
                                       Also 3:16-cv-012

                                       District Judge Walter Herbert Rice
- vs -                              Magistrate Judge Michael R. Merz

WILLIE MOORE,

        Defendant.    :

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This proceeding under 28 U.S.C. § 2255 is before the Court on Defendant's Objections (ECF No. 122) to the Magistrate Judge's Report and Recommendations concluding the Motion to Vacate should be dismissed with prejudice (ECF No. 120).  District Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 123).

The Report concluded that the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017), was "fatal to Mr. Moore's claim" because the Court decided that "the [Sentencing] Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in §4B1.2(a)(2) therefore is not void for vagueness." *See Beckles*, *supra*, at *152.

At the outset it is important to note that Mr. Moore was not sentenced under the Armed Career Criminal Act (ACCA).  Counsel makes frequent references in the Objections to the

1

ACCA, indeed asking that the matter be remanded "to the Magistrate Judge for a determination of whether the Defendant's prior convictions qualify under the 'elements' clause of the ACCA." (Objections, ECF No. 122, PageID 632.) The Information which is the critical charging document in the case[1] does not charge a violation of the ACCA. The elements clause of the ACCA was not and is not relevant to this case.

Instead, Mr. Moore was sentenced as a career offender under the Sentencing Guidelines. The Presentence Investigation Report ("PSR") concluded "defendant is a career offender as he has two prior felony convictions for crimes of violence and the instant offenses are crimes of violence." PSR at ¶ 41. Mr. Moore's only objection was that the "two prior felony convictions should be considered as 'related cases' for purposes of criminal history computation." (Defendant's Objection to PSR, ECF No. 35, PageID 131.) The Sixth Circuit resolved that claim against Mr. Moore. *United States v. Moore*, Case No. 06-3215, 247 Fed. Appx. 787 (6th Cir. Sept. 18, 2007)(copy at ECF No. 100).

That is the only objection to the use of the two prior convictions that Mr. Moore ever made in this Court or the Sixth Circuit and that objection was resolved against Mr. Moore almost ten years ago. Because the objection that the prior convictions did not satisfy other requirements of the Sentencing Guidelines, to wit, that they did not contain an element of force so as to satisfy the elements clause of the Guidelines, was available to Mr. Moore on direct appeal and not raised, it is barred from merits consideration now by his procedural default in failing to raise it on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982); *Kaufman v. United States*, 394 U.S. 217 (1969); *Ratliff v. United States*, 999 F.2d 1023 (6th Cir. 1993).

Even if the objection could have been properly raised for the first time in a § 2255 proceeding, Mr. Moore's filing was untimely. 28 U.S.C. § 2255, as amended by the AEDPA,

---

[1] Mr. Moore waived indictment (ECF No. 26).

)

places a one-year statute of limitations on § 2255 motions to vacate. Mr. Moore's conviction became final on direct appeal when he failed to file a petition for writ of certiorari in the United States Supreme Court after his conviction and sentence were affirmed on appeal. The time for doing so expired ninety days after the Sixth Circuit's decision or December 17, 2007. Mr. Moore did not file his § 2255 Motion to Vacate until January 11, 2016 (ECF No. 104).

If Mr. Moore had in fact been sentenced under the ACCA and the Court had relied on the residual clause of that statute to find him to be an armed career criminal, the statute of limitations would not create a bar because in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held the residual clause of the ACCA to be unconstitutional and then in *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (April 18, 2016), held *Johnson* created a new substantive right and was therefore applicable to cases on collateral review. Although the Sixth Circuit had extended the logic of *Johnson* to Guidelines cases, *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016), *Pawlak* was abrogated by the decision in *Beckles*.

But, says Mr. Moore, *Beckles* is irrelevant because he is not raising a claim under the residual clause of either the ACCA or the Guidelines, but a claim that his prior convictions for deviant criminal conduct and battery do not satisfy the elements clause of the Guidelines. That position does not avoid either the procedural default bar or the statute of limitations. Those arguments were fully available to Mr. Moore when he was sentenced, but they were not raised.

In his Objections, Mr. Moore claims he argued in his Amended Motion to Vacate that his "battery and criminal deviate conduct convictions were required to be analyzed under the 'modified categorical approach' outline in *Descamps v. United States*, 133 S. Ct. 2276 (2013)." (ECF No. 122, PageID 631.) This argument is unpersuasive. First, contrary to counsel's statement, one searches the Amended Motion to Vacate (ECF No. 116) in vain for any citation to

*Descamps.*  Second, *Descamps* was decided in 2013, but Mr. Moore's Motion to Vacate was not filed until 2016.  Third, even if Mr. Moore had filed within a year of the Descamps decision, that decision has never been held to apply retroactively. *Zemba v. Farley*, 2015 U.S. App. LEXIS 12430 (6th Cir. 2015); *In re Black*, 2014 U.S. App. LEXIS 15452 (6th Cir. 2014); *Headbird v. United States*, 813 F.3d 1092 (8th Cir. 2016).

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that Mr. Moore's Amended Motion to Vacate be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 5, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).