# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:03-cr-169
                                     Also 3:16-cv-012

                                       District Judge Walter Herbert Rice
- vs -                             Magistrate Judge Michael R. Merz

WILLIE MOORE,

        Defendant.    :

## TRANSFER ORDER

This proceeding under 28 U.S.C. § 2255 is before the Court on the filing of Defendant Willie Moore's second Motion to Vacate under 28 U.S.C. § 2255 on August 29, 2017 (ECF No. 134). As with all habeas corpus cases filed at the Dayton location of court, it has been referred to the undersigned by the Dayton General Order of Assignment and Reference.

The instant filing is Willie Moore's second-in-time § 2255 motion. The first was filed January 11, 2016 (ECF No. 104). Moore claimed that he had received an enhanced sentence as a career offender under the so-called residual clause of the Sentencing Guidelines which he argued which he argued was unconstitutionally vague by analogy to *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held the residual clause of the Armed Career Criminal Act to be unconstitutionally vague. In *Beckles v. United States*, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017), the Supreme Court held "[T]he [Sentencing] Guidelines are not subject to a vagueness challenge

1

under the Due Process Clause. The residual clause in §4B1.2(a)(2) therefore is not void for vagueness." *Id.* Noting the Beckles decision, the Magistrate Judge recommended Mr. Moore's first § 2255 motion be dismissed with prejudice (Report, ECF No. 120, PageID 626, filed March 8, 2017). Mr. Moore objected, but before Judge Rice could rule on the objections, Mr. Moore voluntarily dismissed his first § 2255 motion (See ECF Nos. 129-133).

Mr. Moore's instant Motion to Vacate does not raise the same claim made in the first Motion. Instead, Mr. Moore now claims his trial attorney provided constitutionally ineffective assistance of counsel when he did not object at the time of sentencing to the classification of one or more prior convictions as qualifying predicate convictions for Sentencing Guidelines purposes.

Under the Antiterrorism and effective Death Penalty Act of 1996 a person may not proceed in District Court on a second habeas corpus application or second motion to vacate under 28 U.S.C. § 2255 without the prior permission of the Circuit Court of Appeals. 28 U.S.C. § 2255(h). When a person files a second § 2255 motion without that permission, the District Court is commanded to transfer the motion to the Sixth Circuit. *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

This Transfer Order implies no opinion on the merits or on whether this second § 2255 motion is timely. Once a District Court determines that a particular pleading is a second or successive § 2255 motion, it is without jurisdiction to consider the merits, including an affirmative defense such as the statute of limitations, *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007). The fact that the prior motion was voluntarily dismissed without prejudice is immaterial; the AEDPA contains no exception for new § 2255 motions filed in the wake of a voluntary dismissal.

Accordingly, the instant § 2255 Motion is ordered TRANSFERRED to the Sixth Circuit Court of Appeals for its determination of whether Mr. Moore can proceed. The Clerk shall delay transfer until expiration of the time for objections to this Order or until Judge Rice has ruled on those objections.

August 30, 2017.

                                                              s/ *Michael R. Merz*
                                                              United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).